NEYLAND JORDAN V. THE STATE.

No. 1710. Decided April 17, 1912.

Rehearing Denied May 8, 1912.

**1.—Aggravated Assault—Charge of Court—Intent to Injure.**

Upon trial of aggravated assault, where the evidence showed that defendant intentionally struck his wife on the head with a stick, the court properly refused a requested charge to acquit defendant in the event there was no intent to injure. .

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of aggravated assault, there was evidence that defendant intentionally struck his wife over the head with a stick, the conviction was sustained, although both he and his wife denied the charge and there was other conflict in the testimony.

**3.—Same—Presumption—Intent to Injure.**

While it may be conceded that the presumption to injure may be rebutted, yet where the evidence is sufficient to justify the conviction, there is no ground for reversal because there is a conflict of evidence.

Appeal from the County Court of Jasper. Tried below before the Hon. W. R. Blackshear.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The opinion states the case.

*W. W. Blake,* for appellant.—On the question of the insufficiency of the evidence: Dickenson v. State, 5 S. W. Rep., 648; Floyd v. State, 15 S. W. Rep., 819; Johnson v. State, 43 Texas, 576; Grayson v. State, 37 Texas, 228, and cases cited in opinion.

On question of intent to injure: Marshall v. State, 40 Texas, 200; Reed v. State, 9 Texas Crim. App., 317.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of an aggravated assault, his punishment being assessed at a fine of $50.

The evidence discloses that the alleged assault was committed by appellant upon his wife. The State's evidence is contradictory in regard to the occurrence, one witness testifying he was passing the home of appellant and his wife and saw appellant run out of the house chased by his wife. The testimony of this witness, as we view it, would not entitle the State to a conviction. Two other witnesses for the State testify they were passing the same place and saw appellant's wife come out behind appellant; that they were moving rather rapidly, and upon reaching a certain point appellant had his wife on the ground, and struck her on the head with a stick or club. The testimony of appellant and his wife is to the effect that there was no ill-feeling between them; that while she was cooking breakfast ap-

pellant went to his mother's and stayed awhile. After breakfast was prepared she began cleaning her lamp, and while doing so appellant came in and she asked him if she should fix his lunch basket for him to carry with him to his work, and he said he had concluded not to go out that day. He began teasing her and she chased him out of the house with the lamp in her hand, and in going out of the door she slipped on a block and fell, breaking the lamp and fell on it. Her head struck the broken glass and made a cut above her eye. Pieces of the broken glass also cut the palm of her hand. These cuts were exhibited to the jury. Appellant saw that she was hurt and helped her in the house and bathed the blood off her face. She denied that appellant threw a bottle at her, as testified by some of the State witnesses. She further denied that appellant struck her at any time while she was down, or at any other time. There were no bruises on her head to show a lick of any kind. The only cut she had was from the glass of the broken lamp. Appellant's testimony is to the same effect. In addition to what is stated as evidence by the State, the first witness testified as he got opposite the house he saw defendant run out of the house, his wife after him. They ran around the house so that he could not see them. He then got out of the wagon and went around where they were and saw defendant with his arms around his wife, helping her into the house. Mrs. Lou Metcalf and Mrs. Rose Metcalf testified, in substance, that they were passing the house, and saw defendant and his wife come out of the house fighting. When they came together he threw her down and struck her three licks with a stick over the head. They were about one hundred yards distant with a fence intervening between them and defendant and his wife. That the wife ran and he threw a bottle at her and broke it, but did not hit her. Neither of these parties heard a word uttered between defendant and his wife. This is the case on the evidence.

1. Appellant asked a charge which was refused by the court, as follows: "Now, if you believe from the evidence that the defendant, Newland Jordan, struck Mattie Jordan with a stick, and that in doing so he intended to injure her, he would be guilty of aggravated assault, as that offense has been defined to you. If you believe from the evidence that defendant did not strike the said Mattie Jordan with a stick the defendant would not be guilty of aggravated assault, and you will so say by your verdict.

"But although you may believe that the defendant struck Mattie Jordan with a stick, but in doing so you should believe there was no intent to injure the said Mattie Jordan, then he would not be guilty of aggravated assault, and in that event you will find the defendant not guilty."

The court properly refused this charge as it is written. If appellant intentionally struck his wife with a stick on the head he would be guilty of an aggravated assault. This is not a case where appel-

lant could claim the advantage of such a charge, because if the lick was struck at all, it was struck intentionally. Of course, if he struck his wife accidentally or unintentionally, with no purpose of making an assault on her, the charge requested would have been appropriate; but this record does not present such a state of case.

2. We are asked to reverse the judgment because the evidence does not support the conviction. Under the testimony of the two witnesses named Metcalf, the verdict of the jury seems to be justified. If appellant struck his wife over the head with a stick, this would constitute an aggravated assault under the allegation in the pleading, which is that it was an assault by an adult male upon a female. Our law constitutes this as one of the grounds of aggravated assault. It is a question under the evidence that appellant committed the assault, but the two witnesses testify they saw him strike her three times with a stick. This was denied by appellant and his wife. This, it occurs to us, makes the question one of fact peculiarly within the province of the jury to decide and settle. Under the circumstances this court would hardly be justified in reversing the case for this reason.

We are therefore of opinion that the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*

ON REHEARING.

May 8, 1912.

DAVIDSON, PRESIDING JUDGE.—Recently the judgment herein was affirmed. Appellant contends the affirmance was wrong, and urgently insists that the evidence does not support the conviction. He states his proposition in this way: "The court erred in overruling appellant's first assignment of error, and propositions thereunder and in holding that the conflict in the testimony would not justify a reversal of the case, as the court left out of consideration the total absence of any evidence of intent to injure." He says that the statement of the facts by the court in the opinion is sufficient, but he does not understand how the court could affirm the judgment on the facts stated. He seems to be under the impression, and so argues in the motion for rehearing, that the presumption of intent to injure was raised by the State's evidence, and that this only shifted the burden to the defendant to show accident, mistake or excuse; that the presumption raised by the State is a rebuttable presumption. It is further contended that the testimony of the injured party, corroborated by the defendant, and the circumstances of the case ought to be held sufficient to overcome the presumption of intent to injure.

It may be conceded that counsel is correct in his contention that the presumption to injure made by the State is rebuttable, but he is not correct in his position that this court will reverse a judgment on the facts where there is a conflict of evidence, if the State's testi-

mony is sufficient to justify the conviction. The State's case is clear and convincing as we understand the evidence of an assault by appellant upon his wife with a stick. It may be necessary to restate the testimony for the State:

"Mrs. Lou Metcalf, a witness for the State, testified for the State that about the 16th day of November, 1911, she, with two companions, was passing on the road, and saw defendant and Mattie Jordan come out of the house fighting, and that when they came together he threw her down and struck her three licks with a stick over the head. She was about one hundred yards from the house, and there was a fence between her and the parties. She was greatly frightened, and broke into a run. He threw a bottle at her and broke it, but it did not hit her. I did not hear either of them say a word." This is the entire testimony of that witness.

"Mrs. Rose Metcalf, a witness for the State, stated that about the 16th day of November, 1911, she, with two other companions, was passing the house where defendant and his wife lived, and saw the defendant run out of the house with Mattie Jordan following him. They seemed to be fighting, and when they came together he threw her down and struck her three licks on the head with a stick. I was about one hundred yards from them, and there was a fence between us, and I was greatly frightened, and run towards home. I did not hear either of them say a word." "Mrs. Tobe Griner also testified to the same facts for the State."

This is the State's case, and if this does not make out an assault upon the woman with intent to injure her, we do not understand what character of testimony it would take to make such an assault. Mrs. Jordan took the stand and testified that they had no fight, and that defendant did not strike her. That while in the house she was cleaning a lamp and her husband got to teasing her about something; that she chased him out of the house and slipped on a block and falling, broke the lamp and fell on it; that her head struck the broken glass and made a cut on her head above her eye, and pieces of the broken glass also cut the palm of her hand. Appellant took the stand and testified substantially to the same facts. If the testimony for appellant is correct, there was no assault, and the jury should have acquitted him. If the testimony for the State is to be credited, then it would be difficult, in our judgment, to understand why that was not an assault upon his wife. Appellant denied any fighting between them, as did his wife. The State's witnesses say they came out of the house fighting, and that he finally knocked her down and struck her three times with a stick on the head. Appellant offers no evidence to rebut the presumption to injure. He denied the matter in toto. He cites us to the cases of Turner v. State, 35 Texas Crim. Rep., 369, and Leonard v. State, 27 Texas Crim. App., 186. In the Turner case the appellant was convicted of an aggravated assault and battery upon his wife. The facts show that he was chas-

tising his step-daughter with a rope and accidentally struck his wife. The court held that defendant having the right as a parent to inflict moderate punishment upon his child, he could not be convicted of an aggravated assault and battery upon his wife under the facts there stated, unless it was further shown that he was engaged in an unlawful act, that is, was inflicting immoderate punishment upon the child. If not engaged in an unlawful act, the accidental blow to his wife was not a crime. We are of opinion the Turner case is correct, but are unable to see the application of that case to the one in hand. There is no contention by any of the testimony that appellant accidentally struck his wife. His testimony denied striking her at all. The State's witness show that they were fighting, and that he knocked her down and struck her three times with a stick on the head. The wife undertook to account for the cut on the head by saying she fell and broke a glass lamp. Appellant in this case was not chastising a child and accidentally struck his wife. In the Leonard case, 27 Texas Crim. App., 186, it was held that the husband has a right to defend himself against an assault committed upon him by his wife, and unless he employs greater force than is necessary to repel the violence of his wife, he ought not to be held guilty of an assault and battery. If appellant in this case was defending himself against an attack by his wife, and used no more force than was necessary, the jury ought to have acquitted him. Unquestionably the law of self-defense would obtain on the part of a husband against the wife as well as the wife against the husband, but no such contention was made in this case. He denied striking her; she denied that he struck her. The beginning of the difficulty is not shown. The State's evidence finds them fighting and shows that he knocked her down and struck her while she was on the ground and helpless three licks with a stick. A conflict in the evidence does not require a reversal of the judgment, provided the evidence for the State is sufficient to overcome the legal presumption in favor of the accused. Where there are two theories, one favorable and the other unfavorable to the accused, and the unfavorable side of the testimony would show a violation of the law, this court will not disturb the finding of the jury. The statute leaves that matter with the jury; they pass upon the credibility of the witnesses and the weight to be given their testimony, the law requiring sufficient evidence, however, to make out the State's case. If this testimony does not make a case for the State, it would be difficult, in our judgment, to have sufficient evidence.

The motion for rehearing is overruled.

*Overruled.*